Jonathan H. Siegel (SBN 78143)
Heather Conger (SBN 244958)
SIEGEL LEWITTER MALKANI
1939 Harrison Street, Suite 307
Oakland, California 94612
Phone: 510-452-5000
Fax:    510-452-5004
jsiegel@sl-employmentlaw.com
hconger@sl-employmentlaw.com

Attorneys for Plaintiff JAMES ZAKO

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ZAKO,<br><br>    Plaintiff,<br><br>v.<br><br>HAMILTON COMPANY,<br><br>    Defendant. | ) Case No.<br>)<br>) **COMPLAINT FOR UNPAID OVERTIME**<br>) **WAGES, LIQUIDATED DAMAGES,**<br>) **ATTORNEYS' FEES AND COSTS**<br>) *(Violation of Fair Labor Standards Act,*<br>) *29 U.S.C. § 201 et seq.)*<br>)<br>) **COLLECTIVE ACTION**<br>) *(29 U.S.C. § 216(b))*<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

1. This action is brought as a collective action against the defendant Hamilton Company by James Zako to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs pursuant to § 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred on this Court by § 16(b) of the FLSA, 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337(a).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Zako worked for Defendant out of his home office in Morgan Hill, California, County of Santa Clara,

Siegel
LeWitter
Malkani

1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

1  and thus a substantial part of the events or omissions giving rise to his claims for unpaid overtime
2  wages occurred in Morgan Hill, California within the geographic jurisdiction of this Court.
3  Venue is also appropriate pursuant to 28 U.S.C. § 1391(c)(2) because Defendant is subject to the
4  Court's personal jurisdiction with respect to Plaintiff's claims.

## PARTIES

7  4. Plaintiff James Zako (hereafter "Plaintiff" or "Zako") is a resident of the State of
8  California, County of Santa Clara. At all times relevant herein, he was employed by Defendant
9  Hamilton Company performing the job of a Field Service Specialist, providing installation,
10 maintenance, and repair services for laboratory equipment designed, manufactured, and sold by
11 Defendant. Mr. Zako worked out of his home in Morgan Hill, California and also provided on-
12 site services to Defendant's customers throughout Northern California. Mr. Zako brings this
13 action on behalf of himself and on behalf of other employees similarly situated who have worked
14 for Defendant throughout the United States during the statutory period.

15 5. Defendant Hamilton Company (hereafter "Defendant" or "Hamilton") is a
16 privately owned corporation and global enterprise with headquarters in Reno, Nevada; Franklin,
17 Massachusetts; and Bonaduz, Switzerland. At all times relevant herein, Hamilton has conducted
18 business throughout the State of California and has engaged in commerce within the meaning of
19 29 U.S.C. § 207(a) by, for example, marketing and selling various products and services to
20 California companies and other California entities. Defendant is a Nevada corporation that is
21 registered with the California Secretary of State to conduct business in California and maintains
22 an agent for service of process in the State of California.

## FACTUAL ALLEGATIONS

25 6. Defendant Hamilton designs, manufactures and sells a wide range of robotic
26 laboratory products including, for example, precision fluid measuring instruments, liquid handling
27 equipment, and micro-tube storage systems. Defendant markets and sells its products to
28 customers in California and across the world including, for example, research institutions, blood

*Siegel*
*LeWitter*
*Malkani*

1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

1  laboratories and life sciences companies.

2      7. Defendant employs a team of field service specialists (the official job titles for these employees may vary slightly) to provide installation, maintenance, and repair services to customers who purchase Hamilton equipment and products. After a one year warranty period, customers can purchase a service contract from Defendant to cover a variety of maintenance and repair services for their Hamilton equipment or choose to pay for such services a la carte.

    8. Plaintiff James Zako was employed by Defendant for approximately 15 years. Although his official job title changed from time to time, he was always employed to do the work of a field service specialist. His work included going out to customer sites to physically install Hamilton equipment and providing both preventative maintenance and repair services for Hamilton products in accordance with the terms of the customer's warranty and/or service contracts and abiding by Hamilton's standard operating procedures.

    9. Plaintiff received his assignments from a dispatcher who told him where to go, what products to install, and what kind of maintenance or repair services to provide to the customer.

    10. Plaintiff Zako did not have an office at one of Defendant's corporate buildings. Instead, he worked out of his home, receiving his instructions by phone or email. He spent much of his time out in the field, visiting customer sites to install or repair Hamilton products. He also worked out of his home office to complete paperwork and provide remote trouble-shooting for customers by phone or email.

    11. In addition to providing installation, maintenance, and repair services to customers in his assigned geographic area, Mr. Zako and other field service specialists were assigned to on-call shifts on a rotational basis. During their on-call shifts, field service specialists were required to respond to customer calls that came in from all over the country after regular business hours and to provide remote trouble-shooting services by phone and/or computer. If they could not resolve a customer's problem through remote trouble-shooting, they would have to schedule an on-site visit by a nearby field service specialist for the very next business day.

    12. Defendant sometimes refers to the employees who do the work of a field service

*Siegel LeWitter Malkani*
1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

3
COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES,
ATTORNEYS' FEES AND COSTS

specialist as "engineers." However, these employees are not required to have an engineering degree or license. Plaintiff Zako, for example, has some community college education but does not have a bachelor's degree in engineering and does not have an engineering license.

13. In reality, the employees who do the work of a field service specialist are skilled technicians, trained by Defendant to strictly follow the company's guidelines and procedures for installation, maintenance, and repair of its products. Field service specialists are not involved in designing or manufacturing the products that they install and repair. They do not have discretion to make any alterations to the design or function of Defendant's products, nor any discretion to alter the terms of the customer's service contracts, nor to provide services that are not authorized by Defendant.

14. At all times relevant herein, and throughout Plaintiff Zako's employment with Defendant, Defendant intentionally and willfully treated Mr. Zako and other employees doing the work of a field service specialist as exempt from overtime laws, paying them set salaries regardless of the number of hours they worked.

15. Mr. Zako and the other field service specialists regularly worked more than forty hours a week but were never paid overtime. Just by way of example, they were required to stay at a customer site for many hours, sometimes well into the evening, to repair and test robotic equipment used to handle blood or other human specimens, they sometimes had to drive long distances home after visiting a customer site, and they often had to work after-hours to complete paperwork required by Hamilton. They were also required to work occasional on-call shifts and were not paid for the hours that they actually performed worked during their on-call shifts.

16. The company was aware that its practice of not paying overtime to its field service specialists violated the law. Mr. Zako specifically inquired as to why he was not being paid overtime and was told, emphatically and unequivocally, by the Service Manager that Hamilton "does not pay overtime."

17. Defendant Hamilton required Plaintiff Zako and other field service specialists to keep track of the time that they spent on site with customers (doing installations, maintenance, or repair) but did not keep track of, and did not ask employees to keep track of, the time that they

*Siegel LeWitter Malkani*

1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

4
COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES,
ATTORNEYS' FEES AND COSTS

spent communicating with the company about their assignments, driving back from customer sites, filling out paperwork from their home offices, or providing remote trouble-shooting services to customers. Thus, Defendant failed to accurately record and document all time spent working by Mr. Zako and other employees working as field service specialists.

18. Plaintiff resigned from employment with Defendant on May 8, 2015. Upon information and belief, Defendant continues the same policy and practice of not paying overtime to employees working as field service specialists.

## COLLECTIVE ACTION ALLEGATIONS

19. This action is maintainable as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) under FLSA. Numerous employees and former employees who work, or have worked, for Defendant throughout the United States are similarly situated to Plaintiff with regard to their job requirements and pay provisions. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. These similarly situated employees are known to Defendant and are readily identifiable and locatable through defendant's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
(Violations of the Fair Labor Standards Act)

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. During the period of July 8, 2012 to the present and continuing, Defendant paid Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, on a salary basis and did not compensate them for all hours worked in compliance with Section 7 of the Fair Labor Standards Act (FLSA). In particular, Defendant has not compensated Plaintiff and other similarly situated employees at a rate of one and a half times their regular rate of pay for work they performed in excess of forty hours a week including time they spent performing their customary duties as well as time spent working during rotating

*Siegel LeWitter Malkani*
1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

on-call shifts.

22. During the period of July 8, 2012 to the present and continuing, Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, were not exempt from the overtime provisions of the FLSA because they did not perform job duties which rendered them exempt under 29 U.S.C. § 207 or 29 C.F.R. §§ 541 et seq. Therefore Defendant should have paid them overtime in accordance with the provisions of the FLSA.

23. Defendant's failure to pay Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, in accordance with the overtime pay provisions of the FLSA has been without legal justification and is and has been willful within the meaning of 29 U.S.C. § 216(b).

## DAMAGES AND PRAYER FOR RELIEF

24. Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, have suffered damages as a result of Defendant's violation of the FLSA in a sum equivalent to their unpaid overtime compensation as required by the FLSA, which is a sum presently uncertain and increasing because of the Defendant's continued violation of the FLSA.

25. Because of the willful nature of the Defendant's conduct, Plaintiff, and other individuals similarly situated who have worked for Defendant throughout the United States, are entitled to awards of lost overtime compensation commencing three years prior to the date of the filing of this action, and continuing until such compensation is paid.

26. Pursuant to 29 U.S.C. § 216(b), Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, are also entitled to liquidated damages in sums equivalent to the amount of their unpaid overtime compensation as a result of Defendant's willful failure and refusal to pay overtime.

27. Plaintiff Zako, and other individuals similarly situated who have worked for Defendant throughout the United States, are also entitled to recovery of their reasonable attorneys fees and costs of this action, pursuant to 29 U.S.C. § 216(b).

*Siegel LeWitter Malkani*

1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

6
COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES,
ATTORNEYS' FEES AND COSTS

1  WHEREFORE, Plaintiff, on behalf of himself and all individuals similarly situated who join in this action, pray that this Court:

a. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of § 7(a) of the Fair Labors Standard Act, 29 U.S.C. § 207(a);

b. Award Plaintiff and others similarly situated who opt into this action actual and compensatory relief in the amount shown to be due for unpaid overtime compensation commencing three years before the institution of this action, and continuing as long as said practices are shown to continue, with interest;

c. Award Plaintiff and others similarly situated who opt into this action an amount equivalent to their actual compensatory damages in liquidated damages;

d. Award Plaintiff and others similarly situated who opt into this action their reasonable attorneys fees and costs of suit pursuant to 29 U.S.C. § 216(b);

e. Issue an order enjoining Defendant from violating § 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a) in the future; and

f. Grant such other and further relief as this Court deems equitable and just.

DATED:  July 8, 2015                SIEGEL LEWITTER MALKANI

By:  /s/ Heather Conger
Jonathan H. Siegel
Heather Conger

Attorneys for Plaintiff JAMES ZAKO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED:  July 8, 2015                SIEGEL LEWITTER MALKANI
By:
/s/ Heather Conger
Jonathan H. Siegel
Heather Conger

Attorneys for Plaintiff JAMES ZAKO

*Siegel LeWitter Malkani*
1939 Harrison Street
Suite 307
Oakland, CA 94612
510-452-5000
510-452-5004 (fax)

7
COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, ATTORNEYS' FEES AND COSTS