1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

SAN JOSE DIVISION

9

| | |
|---|---|
| JAMES ZAKO, | Case No.  5:15-cv-03162-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |
| v. | |
| HAMILTON COMPANY, | Re: Dkt. No. 15 |
| Defendant. | |

In this collective action, Plaintiff James Zako ("Plaintiff") seeks to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs under §§ 201 and 216(b) of the Fair Labor Standards Act ("FLSA") from his former employer, Defendant Hamilton Company ("Defendant").  Compl., Docket Item No. 1.  Presently before the Court is Defendant's Motion to Transfer this action to the United States District Court for the District of Nevada under 28 U.S.C. § 1404(a).[1]  Plaintiff opposes the transfer.

Federal subject matter jurisdiction arises pursuant to 28 U.S.C. § 1331.  The Court has carefully considered the parties' briefing as well as the arguments of counsel presented at the hearing on January 14, 2016.  For the reasons explained herein, the Court has determined this action is subject to the forum selection clause in Plaintiff's Severance Agreement (the "Agreement").  Accordingly, the Court GRANTS Defendant's Motion to Transfer this case to the

---

[1] Defendant has also moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).  Docket Item No. 14.

United States District Court
Northern District of California

District of Nevada.

## I.    BACKGROUND

Defendant is a privately owned Nevada corporation headquartered in Reno, Nevada; Franklin, Massachusetts; and Bonaduz, Switzerland.  Id. ¶ 5.  Defendant is in the business of "design[ing], manufactur[ing] and sell[ing] a wide range of robotic laboratory products," which it markets to customers "in California and across the world."  Id. ¶ 6.

Plaintiff is a resident of Santa Clara County, California.  Id. ¶ 4.  He is a former employee of Defendant, and worked for approximately 15 years as a Field Service Specialist[2] by providing installation, maintenance, and repair services for laboratory equipment sold by the Defendant.  Id. ¶¶ 4, 8.  Plaintiff worked out of his home in Morgan Hill, California, and offered on-site services to Defendant's customers throughout the Northern California area.  Id.

On May 8, 2015, Plaintiff alleges that he resigned from his employment with Defendant.[3] As part of his departure, the parties agree that Defendant presented, and Plaintiff signed, the Agreement.  Pl. Opp. to Def. Mot. to Transfer ("Opp.") at 3, Dkt. No. 22.  The extent and applicability of the Agreement's terms and conditions are disputed, but at a minimum, the parties agree the Agreement contained a "general release" by Plaintiff "of all claims" against Defendant.  Id.; Def. Mot. to Transfer ("Mot.") at 3.  To that end, the Agreement contains specific reference to the release of claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, among others, as well as a general reference to the release of claims for unpaid overtime.   Id.  It also provides a qualification that reads: "It is understood that nothing in this paragraph waives any claim or other right that cannot

---

[2] Plaintiff notes that while his official job title changed occasionally during employment, he was at all times "employed to do the work of a field service specialist," and his responsibilities remained the same. Compl. ¶ 4. Additionally, Plaintiff alleges that although Defendant "sometimes refers to the employees who do the work of a field service specialist as 'engineers' . . . these employees are not required to have an engineering degree or license" and are more properly considered "skilled technicians." Id. ¶¶ 12, 13.

[3] Plaintiff notes there is some dispute as to the factual circumstances surrounding the termination of his employment and his departure from Defendant. However, any dispute in this regard is of little consequence for the purposes of resolving the issue of proper venue.

United States District Court
Northern District of California

be waived by law." Id.; Def. Request for Judicial Notice, Ex. 2 ¶ 3, Dkt. No. 16.

In addition, the Agreement includes conditions prohibiting Plaintiff from taking the following actions: (1) disclosing Defendant's confidential information, (2) disparaging Defendant, (3) contacting or soliciting past or current customers or employees of Defendant, and (4) assisting with the presentation or prosecution of disputes against Defendant by a third party. Id. ¶¶ 4, 6, 7, 9.   Finally, paragraph 13.4 of the Agreement contains a forum-selection clause, which states:

> Any action or proceeding seeking to enforce any provision of this Agreement shall be brought against either of the parties only in the courts of the State of Nevada, County of Washoe, or, if it has or can acquire jurisdiction, in the United States District Court for the District of Nevada, and each of the parties consents to the exclusive jurisdiction of such Nevada courts in any such action or proceeding and waives any objection to venue laid therein.

Id. ¶ 13.4; Opp. at 3.

This lawsuit, commenced directly in this Court on July 8, 2015, raises a single cause of action under the FLSA.  Plaintiff alleges that during the period from July 8, 2012 to the present, Defendant improperly failed to pay overtime compensation due to its employees, and that neither he nor other similarly situated employees were exempt from the overtime provision of the FLSA. Compl. ¶¶ 21, 22.  In response, Defendant now moves to transfer this case to the District of Nevada based on the Agreement's forum-selection clause, which it believes requires this case be brought in Nevada.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses and is otherwise "in the interest of justice."  § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  To determine if transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought.  See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th

Case No.: 5:15-cv-03162-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

1    Cir.1985).  The party moving for transfer of a case bears the burden of demonstrating transfer is

2    appropriate.  See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.

3    1979)), opinion modified, 828 F.2d 1445 (9th Cir. 1987).

4         A motion under § 1404(a) is also the proper vehicle to enforce a forum-selection clause.

5    Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct., 134 S.Ct. 568, 579 (2013).  While a court typically

6    must weigh both private and public interest factors in deciding a motion to transfer, "when the

7    parties' contract contains a valid forum-selection clause, that clause 'represents [their] agreement

8    as to the most proper forum,'" and is generally given deference over other factors.  Id. at 581.

9    "Only under extraordinary circumstances unrelated to the convenience of the parties should a

10   § 1404(a) motion [to enforce a forum selection clause] be denied."  Id.

## III.   DISCUSSION

12        Defendant moves to transfer the present case to the United States District Court of the

13   District of Nevada.  In support of transfer under § 1404(a), Defendant contends that because the

14   Agreement waives, governs, or otherwise implicates Plaintiff's ability to bring the present action,

15   the Agreement's forum-selection clause controls, designating exclusive jurisdiction in the Nevada

16   courts.  Mot. at 6-8.  Conversely, Plaintiff argues that the Agreement does not apply to an FLSA

17   claim, and therefore the Agreement's forum-selection clause similarly does not control with

18   respect to the present action.  Opp. at 5.

### A.   The Forum-Selection Clause

20        In light of the parties' present dispute, the question of whether transfer is appropriate turns

21   on whether Plaintiff's claim is properly subject to the forum-selection clause.  The answer to this

22   question must begin by acknowledging that there is a strong judicial policy favoring enforcement

23   of forum-selection clauses.  E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 992 (9th

24   Cir. 2006).  The prevailing view is that "such clauses are prima facie valid and should be

25   enforced" unless the opposing party demonstrates that enforcement would be "unreasonable under

26   the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see also

27   Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) ("[F]orum selection clauses

United States District Court
Northern District of California

28

4

1    are presumptively valid" unless the challenging party "clearly show[s] that enforcement would be

2    unreasonable and unjust."); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31, 33 (1988)

3    (explaining that a forum-selection clause "represents the parties' agreement as to the most proper

4    forum" and should be "given controlling weight in all but the most exceptional cases." (Kennedy,

5    J., concurring)).  As a result of this presumption, when parties have contracted in advance to

6    designate a particular forum for the resolution of disputes, "a district court should ordinarily

7    transfer the case to the forum specified in that clause."  Atl. Marine,134 S.Ct. at 581.

8    Consequently, "the party seeking to avoid a forum selection clause bears a 'heavy burden' to

9    establish a ground upon which . . . the clause is unenforceable."  Doe 1 v. AOL LLC, 552 F.3d

10   1077, 1083 (9th Cir. 2009).

11         Unless the language or terms of the contract express otherwise, a forum-selection clause

12   will apply to claims that arise from or relate to the contract containing the clause.  See Graham

13   Tech. Solutions, Inc. v. Thinking Pictures, Inc., 949 F. Supp. 1427, 1433 (N.D. Cal. 1997)

14   (holding that the preferred view, "and the one that is consistent with the Ninth Circuit approach

15   adopted in [Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988)] is the one

16   which upholds the forum selection clause where the claims alleged in the complaint relate to the

17   interpretation of the contract.").  Under this standard, a particular claim may be subject to a forum-

18   selection clause if it tends to implicate or raise issues related to the contract or its provisions.

19   Cung Le v. Zuffa, LLC, 108 F. Supp. 3d 768, 776 (N.D. Cal. 2015) (enforcing a contractual

20   forum-selection clause where the substance of the antitrust claim at issue related to the contract,

21   despite the lack of explicit reference to such claims in the complaint);  Roby v. Corp. of Lloyd's,

22   996 F.2d 1353, 1361 (2d Cir.1993) (finding that only "if the substance of [the plaintiff's] claims,

23   stripped of their labels, does not fall within the scope of the clauses, the clauses cannot apply").

24         At issue here is the forum-selection clause contained in the Agreement.  The parties

25   disagree whether Plaintiff's FLSA claim implicates the Agreement, and therefore whether the

26   claim is properly subject to its forum-selection clause.

27         The dispute over the scope of the clause is resolved through its interpretation.  To that end,

28

United States District Court
Northern District of California

proper interpretation of a forum-selection clause requires the Court to evaluate the language of the clause under federal law and ascertain the intent of the parties.  See Manetti-Farrow, 858 F.2d at 513; 11 R. Lord, Williston on Contracts § 30:2 (4th ed. 2015); Polar Shipping, Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 632 (9th Cir. 1982).  This is done by applying the general principles of contract interpretation.  See Idaho v. Shoshone-Bannock Tribes, 465 F.3d 1095, 1098 (9th Cir. 2006).

Here, neither party asserts that the relevant provision of the Agreement is anything other than a valid and mandatory forum-selection clause, designating exclusive jurisdiction and venue in Nevada.  The plain language of the clause indicates that the parties both intended and agreed that any action concerning enforcement of any provision of the Agreement was to be brought in that jurisdiction.  Therefore, all that remains is a determination of whether Plaintiffs' FLSA claim may be appropriately considered an "action or proceeding to enforce" a provision of the Agreement such that the case should be transferred under the terms of the clause.

Plaintiff believes this action is not one to enforce the Agreement. Opp. at 5.  He makes two related arguments in support of this argument.  Focusing first on the specific language of the forum-selection clause, Plaintiff contends that because his Complaint does not actually reference the Agreement, and because the Agreement does not reference the FLSA, this action cannot reasonably be construed as one to *enforce* the Agreement.  Id. at 5.  Second, because one's rights under the FLSA cannot be conscribed by private agreement, Plaintiff argues that his FLSA claim is not controlled by the terms of the Agreement and is therefore outside the purview of its forum-selection clause.  See id. at 6-8.  For the following reasons, this Court disagrees with Plaintiff on both points.

### i.   This Action is One to "Enforce" the Agreement

Turning first to the Agreement's specific language, the Court finds that the clause's use of the word "enforce" does not preclude its application here.  Plaintiff's primary argument in this respect seems to be that in bringing an FLSA claim, he is not seeking performance or enforcement of any provision of the Agreement, and consequently the clause is inapplicable to the claim.  Opp.

Case No.: 5:15-cv-03162-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

United States District Court
Northern District of California

1    at 5.

2          This argument is unpersuasive for two reasons.  First, the fact that Plaintiff's Complaint

3    does not contain an affirmative request to enforce the Agreement is of no moment because forum-

4    selection clauses are not meant to be construed so narrowly that they only apply to actions directly

5    seeking performance of enumerated terms of a contract.  See Cung Le, 108 F. Supp. 3d at 776

6    (holding that "a restrictive and mechanical interpretation of [a forum selection] clause is

7    inconsistent with the strong judicial preference to enforce a contractual venue").  Rather, a forum-

8    selection clause may be applicable if the claim is related to the agreement bearing the clause or

9    raises issues that require analysis thereof.  See id.; Graham Tech. Solutions, 949 F. Supp. at 1433

10   (explaining that a forum-selection clause should be upheld where the claims "relate to the

11   interpretation of the contract.").  In other words, the substance of a claim is more important than

12   its title.

13         And second, even if the Court interpreted the language of this forum-selection clause as

14   applying only to claims seeking to *enforce* the Agreement, the Court will not construe this so as to

15   suggest that only the party initiating the dispute can implicate enforcement.  That is, simply

16   because Plaintiff's claim does not seek to affirmatively enforce a term of the Agreement does not

17   mean that Defendant may not and will not properly seek such enforcement in response.  Indeed, as

18   evidenced by Defendant's position here and in its Motion to Dismiss, the question of whether

19   Defendant is entitled to enforce the Agreement with respect to the present FLSA claim has already

20   arisen.  As such, even under Plaintiff's more restrictive interpretation, this action is one to enforce

21   the Agreement because its subject matter relates to issues covered by its provisions.

22         **ii.      The Collective FLSA Claim Implicates the Terms of the Agreement**

23         As a general matter, rights guaranteed under the FLSA "cannot be abridged by contract or

24   otherwise waived." [4]  Barrentine v. Arkansas–Best Freight Sys., Inc., 450 U.S. 728, 740 (1981);

25

26   _____
     [4] Congress enacted the FLSA with the principle purpose of "protect[ing] all covered workers from

27   substandard wages and oppressive working hours.  Barrentine v. Arkansas-Best Freight Sys., Inc.,
     450 U.S. 728, 739, (1981); see also 29 U.S.C. § 202(a).  Under the FLSA, employers are obligated to

28   "compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the

Case No.: 5:15-cv-03162-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

United States District Court
Northern District of California

1   Parth v. Pomona Valley Hosp. Medical Ctr., 630 F.3d 794, 802 (9th Cir. 2010).  There are

2   typically two ways in which an employer and an employee can settle or otherwise reach an

3   agreement with respect to an FLSA claim.  The first approach requires the Department of Labor to

4   supervise and approve the settlement, and the second allows a district court to approve a

5   settlement after a suit has been filed.[5]  See 29 U.S.C. § 216(c).

6          Here, Plaintiff argues the Agreement does not apply to FLSA claims because, unlike other

7   statutory claims that were explicitly referred to by name in the Agreement, no mention of the

8   FLSA exists.  See Opp. at 9.  And even if the Agreement was intended to release claims under the

9   FLSA, Plaintiff alleges that any such provisions would be unenforceable in that capacity because

10  the Agreement was not reached through either of the two proper methods.  Opp. at 6-7; see 29

11  U.S.C. § 216(c).  However, this argument speaks more to question of whether Plaintiff may bring

12  an FLSA claim than where the claim may properly be brought.  It is true that the Agreement does

13  not directly reference the FLSA.  See Agreement ¶ 3.  And it is also true, as Defendant concedes,

14  that releases of FLSA claims are generally unenforceable in the Northern District of California.

15  See Mot. at 9.

16         But this does not mean that Plaintiff's action in bringing FLSA claim is wholly divorced

17  from the terms of the Agreement.  Defendant highlights two provisions of the Agreement that the

18  Court finds particularly relevant in this respect.  First, pursuant to paragraph seven entitled "No

19  Contact," Plaintiff agreed not to contact current or former Hamilton employees.  Id.; Agreement ¶

20  7.  And second, pursuant to paragraph nine entitled "Non-Assistance," Plaintiff agreed not to

21

22  _____

23  employees' regular wages."  Christopher v. SmithKline Beecham Corp.,132 S.Ct. 2156, 2162
    (2012); see 29 U.S.C. § 207(a).  It is this right to overtime compensation that Plaintiff raises in the
24  instant action.

25  [5] There are also some courts that have allowed for private settlement of FLSA claims where the
    claims at issue involved bona fide disputes.  See, e.g., Martin v. Spring Break '83 Prods., L.L.C.,
26  688 F.3d 247, 254 (5th Cir. 2012) (distinguishing circumstances where parties' agreement settles a
    dispute regarding the number of hours worked or the amount of overtime compensation due from
27  a general waiver of an FLSA claim).  However, even if such a settlement had been recognized in
    the Ninth Circuit, it would be inapplicable to the dispute at issue in this case.

28  Case No.: 5:15-cv-03162-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

United States District Court
Northern District of California

1  "counsel or assist any attorneys or their clients in the presentation or prosecution of any disputes,

2  differences, grievances, claims, charges, or complaints by any third party against Hamilton."  Mot.

3  at 9; Agreement ¶ 9.  Defendant alleges that these provisions "make it impossible, as a practical

4  matter, for Plaintiff to bring claims on behalf of other Hamilton employees," thus precluding a

5  collective action lawsuit, even under the FLSA.  Mot. at 7.

6          The rationale behind curtailing the ability to waive potential FLSA claims is grounded in

7  maintaining protection for the substantive rights afforded by the statute.  As a result, this

8  prohibition has not been equally applied with respect to an employee's ability to waive the right to

9  bring a collective action pursuant to the FLSA.  See Lu v. AT & T Servs., Inc., No. C 10-05954-

10 SBA, 2011 WL 2470268, at *3 (N.D. Cal. June 21, 2011) ("The right to bring a collective action

11 under the FLSA is a procedural—not a substantive [right].").  In finding that the right to bring a

12 collective action does not infringe an employee's substantive rights, courts have held that a

13 collective action waiver contained in a severance agreement may be enforceable.  See id.; Carter v.

14 Countrywide Credit Indus., Inc., 362 F.3d 294, 298 (5th Cir. 2004) (rejecting "Appellants' claim

15 that their inability to proceed collectively deprives them of substantive rights available under the

16 FLSA."); Veliz v. Cintas Corp., No. 03-01180-SBA, 2005 WL 1048699, at *3 (N.D.Cal. May 4,

17 2005) ("[p]recedent establishes that even an inability to proceed on a class or collective basis in

18 arbitration has no impact on a plaintiff's ability to vindicate his or her substantive statutory

19 rights."); Kelly v. City & Cnty. of S.F., No. C 05-1287-SI, 2008 WL 2662017, at *4 (N.D.Cal.

20 June 30, 2008) (finding that employees' settlement agreement barred their ability to bring a

21 collective FLSA action).

22          The ultimate merit of Defendant's argument notwithstanding, the Court finds that making

23 such a determination, at a minimum, implicates the terms of the Agreement.  That is, evaluating

24 Plaintiff's ability to bring a collective action suit inherently requires concurrent evaluation of the

25 enforceability of the Agreement's terms and conditions.  While the Agreement does not explicitly

26 reference a collective action, Defendant's argument that the aforementioned conditions do so in

27 practice is not without precedent.  In Kelly v. City & City of San Francisco, the plaintiffs signed

28

Case No.: 5:15-cv-03162-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

1    an agreement "not to sue or otherwise institute or in any way actively participate in or voluntarily

2    assist in the prosecution of any legal or administrative proceeding against the city" related to their

3    employment.  Id. at *4.  There, the district court determined that such a waiver "bar[ed] the

4    releasors' rights to bring a collective FLSA action."  Id.

5          Here, whether the Agreement at issue similarly bars Plaintiff from bringing a collective

6    action lawsuit under the FLSA is not for this Court to say.  The bottom line for this Court is that

7    judicial analysis of the Agreement – whatever the conclusion – seems to be an inevitable and

8    inseparable component of litigating a collective action lawsuit in this case.  Indeed, at oral

9    argument on the matter, counsel for Plaintiff conceded that if the collective action claim were to

10   proceed, this Court may be asked to enforce the "no-contact" provision of the Agreement, thus

11   requiring examination of the Agreement.  But counsel argued that because the Court has not yet

12   done so, at present, the FLSA claim is independent of the Agreement and the forum-selection

13   clause is not applicable.  This logic fails.  Whether now or later, this Court sees no way in which

14   Plaintiff can proceed on a collective action basis without a court being asked to evaluate the terms

15   of the Agreement in some capacity.  Because Plaintiff's FLSA claim implicates the interpretation

16   of the Agreement, it is subject to the forum-selection clause contained therein and transfer to

17   Nevada is appropriate.  See Graham Tech. Solutions, 949 F. Supp. at 1433; Cung Le, 108 F. Supp.

18   3d at 776.

19          **B.    Convenience and the Public-Interest Considerations**

20          In light of the Court's finding that the forum-selection clause in the Severance Agreement

21   applies to Plaintiff's claim, further analysis of the convenience of the parties or the various public-

22   interest factors is unnecessary in the present case.  See Atl. Marine, 134 S. Ct. at 581 (holding that

23   although a court typically must evaluate the convenience of the parties and various public-interest

24   considerations, "[t]he calculus changes . . . when the parties' contract contains a valid forum-

25   selection clause").  Neither party offers any new substantive argument with respect these factors,

26   as the question of whether the forum-selection clause applies is dispositive here.

27

28
     Case No.: 5:15-cv-03162-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

United States District Court
Northern District of California

10

1

## IV.    ORDER

Based on the foregoing, Defendant's Motion to Transfer is **GRANTED**. The Clerk shall **TRANSFER** the above-captioned action to the United States District Court for the District of Nevada, and close this court's file.

**IT IS SO ORDERED.**

Dated: January 28, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03162-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER